UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY HOEPF, | ) | CASE NO. 1:05 CV 1860 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GARY CROFT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 26, 2005, pro se plaintiff Anthony Hoepf filed this in forma pauperis action under 42 U.S.C. § 1983 against three employees of the Ohio Adult Parole Authority. Mr. Hoepf is incarcerated in the Southern Ohio Correctional Facility in Lucasville, Ohio. The complaint alleges that the Ohio Adult Parole Authority's calculation of his guideline range breached his plea agreement and denied him due process. He seeks monetary, injunctive and declaratory relief.

Review of the complaint indicates that all the defendants are located in Columbus, Ohio. The plaintiff is incarcerated in Lucasville, Ohio, where the specific events and omissions of which he complains allegedly occurred. Because both Columbus and Lucasville are in the Southern District of Ohio, that district is the only proper venue for this matter. 28 U.S.C. § 1391(b).[1]

---

[1] Title 28 U.S.C. § 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

Accordingly, pursuant to 28 U.S.C. § 1406(a), this case is hereby transferred to the United States District Court for the Southern District of Ohio.[2] The court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 9/12/05

---

may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[2] 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.